**FILED**

**September 14, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:28 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Donna Ottanio** | ) | **Docket No.: 2015-01-0091** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 9736 2016** |
| **Quality of Life Home Care, LLC, and** | ) | |
| **AmTrust Group,** | ) | **Judge Audrey A. Headrick** |
| **Employer/Carrier.** | ) | |
| | ) | |

## COMPENSATION ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned Workers' Compensation Judge on August 30, 2016, for hearing on the Motion for Summary Judgment filed by the employer, Quality of Life Home Care, LLC. Attorney Ellie Boles, counsel for Quality of Life, appeared. The employee, Donna Ottanio, appeared for the hearing, but she did not file a response to the motion.

### Procedural History

Ms. Ottanio filed a Petition for Benefit Determination on November 24, 2015, seeking benefits in relation to a gastrointestinal bleed allegedly related to a work-related right-knee injury. The parties did not resolve the disputed issues through mediation, and the mediator filed a Dispute Certification Notice (DCN) on January 25, 2016. The Court held a Show Cause Hearing on April 20, 2016, due to the failure to file a request for a hearing within sixty days of the filing of the DCN. After the Court granted Ms. Ottanio additional time to request a hearing, Ms. Ottanio subsequently filed a Request for Expedited Hearing, and the Court conducted an evidentiary hearing on May 16, 2016. Following the hearing, the Court issued an Expedited Hearing Order Denying Requested Medical Benefits on June 10, 2016, holding Ms. Ottanio did not come forward with sufficient medical evidence from which the Court could determine she is likely to prevail on the merits at trial in proving she sustained a compensable right-knee injury. Ms. Ottanio did not appeal the Court's decision. Quality of Life then filed the instant Motion

1

for Summary Judgment on July 26, 2016.

*Findings of the Court*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2015) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Electric,* No. 2014-01-0023, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016).

The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). With the passage of Tennessee Code Annotated section 20-16-101 and reexamination of the summary judgment standard in *Rye,* the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage,* not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* at 265 (emphasis added). Therefore, in this case, Quality of Life's Motion for Summary Judgment requires Ms. Ottanio to submit evidence establishing the essential elements of her workers' compensation claim.

The Court finds Quality of Life prevails on both procedural and substantive grounds. Ms. Ottanio failed to file any response to Quality of Life's Motion for Summary Judgment as required by Rule 56.03 of the Tennessee Rules of Civil Procedure

2

(2015) and Rule 4.02 of this Court's Practice and Procedures (2015). Although Ms. Ottanio appeared at the hearing, she failed to come forward with any evidence that would "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* Therefore, the Court finds Quality of Life's motion unopposed.

Accordingly, this Court grants Quality of Life's Motion for Summary Judgment, and hereby dismisses Ms. Ottanio's claim with prejudice.

This Court taxes the court costs to Quality of Life pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 (2015). Further, Quality of Life shall prepare and submit a Statistical Data Form for this matter within ten calendar days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED this the 14th day of September, 2016.**

_____
**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Order Granting Motion for Summary Judgment to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

3

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Order Granting Motion for Summary Judgment was sent to the following recipients by the following methods of service on this the 14th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| **Donna Ottanio, Self-represented Employee** | X | | X | 208 Hughes Avenue Cleveland TN 37312 dottanio@hotmail.com |
| **Fred Baker, Attorney** | | | X | fbaker@wimberlylawson.com |
| **Ellie Boles, Attorney Employer's Attorneys** | | | X | eputman@wimberlylawson.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**